**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
        Email: mkane@mcguirewoods.com
Sara E. Willey, Esq. (SBN 249701)
        Email: swilley@mcguirewoods.com
Sylvia J. Kim, Esq. (SBN 258363)
        Email: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendant
BSN MEDICAL, INC.

**HENDERSON HUMPHREY LLP**
J. Scott Humphrey (SBN 150476)
        Email: scott@hendersonhumphrey.com
Mark J. Henderson (SBN 138424)
        Email: markjhenderson@email.com
6664 Vista Del Mar
Playa Del Rey, California 90293
Telephone: (424) 228-5049
Facsimile: (424) 228-5209

Attorneys for Plaintiffs
THOMAS L. KELLEY & ASSOCIATES, INC. AND VINCENT ORTEGA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## CENTRAL DIVISION

| | |
|---|---|
| THOMAS L. KELLEY & ASSOCIATES, INC., a California Corporation; VINCENT ORTEGA, an individual,<br><br>        Plaintiffs,<br><br>        vs.<br><br>BSN MEDICAL INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO:   CV08-4419 GW (AGRx)<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION** |

6701028.2

## I.    PURPOSE.

This Protective Order (the "Order") shall apply to the above-captioned action (hereafter "this action").  The parties recognize that preparation and trial of this action may require the discovery of certain business records and other materials from parties and various non-parties, which may be claimed to contain confidential business, commercial, or financial information, as well as confidential personal information.  The parties desire to litigate this action without jeopardizing any party's or non-party's respective interests, if any, in the confidentiality of information produced in connection with this litigation.

## II.    MATERIALS COVERED.

Any party or other person may designate all or any part of a document, discovery response, deposition, or other discovery material, including electronic data, which that person or party produces, serves, or provides in connection with this action as "Confidential" or "Confidential – Attorneys' Eyes Only,"  as described below.  The "Confidential" or "Confidential – Attorneys' Eyes Only"  designation shall include not only material designated as "Confidential" or "Confidential – Attorneys' Eyes Only,"   but also the information contained therein, including any extract, chart, summary, note, or copy made of or from the "Confidential" or "Confidential – Attorneys' Eyes Only"  material.

The party or person designating material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall do so in writing and in doing so thereby represents that the material constitutes a trade secret, confidential research, development, financial or commercial information, or confidential personal information.

## III.    DISCLOSURE OF DISCOVERY MATERIALS.

1.    All materials produced in discovery, including, but not limited to, that which is designated "Confidential" or "Confidential – Attorneys' Eyes Only," shall be disclosed only to those individuals as set forth below, shall be used solely in furtherance of the prosecution or defense of this litigation, shall not be used at any

time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.  Materials produced in discovery which are used at trial will become public absent a separate court order upon written motion and sufficient cause shown.

2.     Each person to whom "Confidential" material is disclosed, except the persons identified in §§IV.2(a) and (b) below, shall execute an undertaking in the form annexed hereto as Exhibit A and shall agree to be bound by this Order.  Copies of this executed undertaking shall be retained by counsel disclosing the "Confidential" material to such person.

## IV.     DISCLOSURE OF "CONFIDENTIAL" MATERIALS.

1.     The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of "Confidential" or "Confidential – Attorneys' Eyes Only" materials.

2.     Subject to the limitations set forth in §IV.3 and 4, disclosure of "Confidential" materials may be made only to:

a.     the Court, its secretaries, clerks, and law clerks in the manner set forth herein;

b.     attorneys in the law firms representing a party and in-house counsel for any such party who are actively working on this action, and their secretaries, law clerks, paralegals and legal assistants (this category hereinafter referred to as "Attorneys");

c.     any experts, including consultants, who are retained by counsel for any of the parties in this action to assist counsel in this action and any employee of such an expert, provided that the person to whom the "Confidential" material is disclosed has first executed an undertaking in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order (this category hereinafter referred to as "Experts").

1          d.     any executives, officers and key employees of the respective

2   parties to this litigation (or their designated representatives) who are assisting in the

3   prosecution or defense of this litigation, provided that the person to whom the

4   "Confidential" material is disclosed has first executed an undertaking in the form

5   annexed hereto as Exhibit A, and shall agree to be bound by this Order (this

6   category hereinafter referred to as "Key Employees");

7          e.     any person or individual who (i) is testifying as a witness either

8   at a deposition or court proceeding in this action, (ii) is expected to testify as a

9   witness either at a deposition or court proceeding in this action, or (iii) is a witness

10  whose examination the disclosing attorney believes in good faith is necessary for the

11  prosecution or defense of this matter, provided however that such disclosure may

12  only occur for the purpose of assisting the preparation or examination of the witness

13  and after the person to whom the "Confidential" material is to be disclosed has

14  executed an undertaking in the form annexed hereto as Exhibit A, agreeing to be

15  bound by this Order (this category hereinafter referred to as "Witnesses"); and

16         f.     employees of parties involved in one or more aspects of

17  organizing, filing, coding, converting, storing, or retrieving data or designing

18  programs for handling data connected with this action, including the performance of

19  such duties in relation to a computerized litigation support system; and to employees

20  of third-party contractors performing one or more of these functions; provided

21  however that such disclosure may only occur after the person to whom the

22  "Confidential" material is disclosed has executed an undertaking in the form

23  annexed hereto as Exhibit A, and shall agree to be bound by this Order.

24      3.     Subject to the limitations set forth in §IV.3 and 4, disclosure of

25  "Confidential – Attorneys' Eyes Only" materials may be made only to:

26         a.     the Court, its secretaries, clerks, and law clerks in the manner set

27  forth herein;

28

b.      attorneys in the law firms representing a party and in-house counsel for any such party who are actively working on this action, and their secretaries, law clerks, paralegals and legal assistants (this category hereinafter referred to as "Attorneys");

4.      No party who receives "Confidential" or "Confidential – Attorneys' Eyes Only" information shall disclose it to any competitor of the producing party without leave of the Court.

## V.      INVOCATION OF THIS ORDER.

The protection of this Order may be invoked with respect to any covered material by the party producing or disclosing such material in the following manner. With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" or "Confidential – Attorneys' Eyes Only."   Documents marked "Highly Confidential" shall be accorded the same protection as those marked "Confidential."   With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be so marked.   With respect to any deposition, including the deposition transcript and corresponding audio or video tape, such treatment may be invoked by: (1) declaring the same on the record at the deposition or (2) designating specific pages or paragraphs as "Confidential" or "Confidential – Attorneys' Eyes Only" and serving such designations within 45 days of receipt of the official transcript of the deposition in which the designations are made.   All deposition transcripts shall be treated as "Confidential" for 45 days following receipt of the transcript.   The 45-day period may be extended by agreement of the parties.   With respect to any "Confidential" or "Confidential – Attorneys' Eyes Only" material, including the categories of materials set forth in this paragraph, the party producing or disclosing such material may designate it as "Confidential" or "Confidential – Attorneys' Eyes Only" in an accompanying cover letter or in a subsequent written letter.

**VI.   CHALLENGE TO DESIGNATION.**

Any party wishing to challenge the "Confidential" or "Confidential – Attorneys' Eyes Only" designation assigned by any party or other person with respect to any material shall give written notice of such objection to counsel for the designating party.  The parties shall confer in good faith in an attempt to resolve any such objection.  If the dispute is not resolved by agreement of counsel, the challenging party may file a motion with the Court to challenge the designation in compliance with Local Rule 37.  Any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the materials.  The burden rests upon the party seeking the "Confidential" or "Confidential – Attorneys' Eyes Only" designation to demonstrate the materials are to be afforded such protection.

**VII.   NO WAIVER.**

1.   Review of the "Confidential" or "Confidential – Attorneys' Eyes Only" materials and information by counsel, experts, or consultants for the litigants in this action shall not waive the confidentiality of such material.

2.   A producing party that inadvertently fails to designate discovery material "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order at the time of production shall be entitled to make a correction within a reasonable amount of time of discovering the error.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated.  Those individuals who received the discovery material prior to notice of the misdesignation by the producing party shall within five days of receipt of the substitute copies, destroy or return to the law firm representing the producing party all copies of such misdesignated documents.  Those individuals who reviewed the misdesignated discovery material prior to notice of the misdesignation by the producing party shall abide by the provisions of this Order with respect to the use and disclosure of any information contained in the

misdesignated materials.  Nothing in this subsection shall waive a party's right to assert that the producing party has waived any claim of confidentiality by failing to make its correction seasonably.

3.     The inadvertent production of documents subject to work product immunity, the attorney-client privilege, or any other immunity or privilege shall not constitute a waiver of the immunity or privilege.  No party to this action shall thereafter assert that such inadvertent disclosure waived any privilege or immunity. No use shall be made of such documents during deposition or at trial.  The receiving party promptly will return such inadvertently produced item or items of information and all copies thereof within 10 days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the producing party for the return of such item or items of information.  Nothing in this Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

## VIII.  <u>INFORMATION FROM THIRD-PARTY SOURCES</u>.

This Order shall also apply to discovery directed to non-parties to this action, unless the non-party waives the protection of this Order on written notice to all counsel of record.  This Order shall not apply to information in the public domain or lawfully obtained from other sources not in violation of this Order or any other agreement regardless of whether or not such information is also contained in discovery materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in this action.

## IX.    <u>USE IN COURT PROCEEDINGS</u>.

If any Party desires to file with the Court any document, brief, transcript, memoranda or other document containing "Confidential" or "Confidential – Attorneys' Eyes Only" information, that Party shall file and/or lodge such document

7

1  under seal in accordance with the Court's applicable rules and/or procedures for
2  doing so.

3  **X.    OTHER ACTIONS.**

4      If any person or entity possessing "Confidential" or "Confidential –
5  Attorneys' Eyes Only" material is subpoenaed in another action or proceeding or
6  served with a document demand, and such subpoena or document demand requires
7  the production of "Confidential" or "Confidential – Attorneys' Eyes Only" material,
8  the person receiving the subpoena or document demand shall give prompt written
9  notice to counsel for the producing party, and shall, to the extent permitted by law,
10 court rule, and court order, (1) withhold production of the requested "Confidential"
11 or "Confidential – Attorneys' Eyes Only" material until the producing party permits
12 production, or until a court of competent jurisdiction orders otherwise and (2) seek
13 to enable the producing party to move to quash or limit the subpoena or document
14 demand.

15 **XI.   NO PROBATIVE VALUE.**

16     The fact that information is designated, or is not designated, as "Confidential"
17 or "Confidential – Attorneys' Eyes Only" under this Order will not be considered to
18 be determinative of what a trier of fact may determine to be confidential or
19 proprietary.   The fact that any information is disclosed, used, or produced in
20 discovery or at trial in this action will not be construed to be admissible or offered in
21 any action or proceeding before any court, agency, or tribunal as evidence that the
22 information:

23     (a) is or is not relevant, material, or otherwise permissible;

24     (b) is or is not confidential or proprietary to any party;

25     (c) is or is not entitled to particular protection; or

26     (d) embodies or does not embody trade secrets or confidential research,
27 development, or commercial information of any party.

28 ///

**XII.   <u>FINAL DISPOSITION</u>.**

Upon the final disposition of this action, (which shall mean the entry of a final, non-appealable judgment or dismissal), the attorneys for the parties and non-parties shall within sixty (60) days of the final disposition return all material designated "Confidential" or "Confidential – Attorneys' Eyes Only" to the party, non-party, or witness from whom it was obtained.   In addition, upon the final disposition of this action, counsel of record shall furnish copies of all executed acknowledgments (as contained at Exhibit A hereto) obtained in accordance with the provisions of this Order to all other counsel of record.

**XIII.  <u>TERMINATION</u>.**

The termination of this action shall not terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the designating party agrees otherwise in writing or this Court (or any other court of competent jurisdiction) orders otherwise.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**XI.   RESERVATION OF RIGHTS.**

By designating any material "Confidential" or "Confidential – Attorneys' Eyes Only" the parties do not acknowledge that any such material is relevant or discoverable in this action.  All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action.

DATED: January __, 2009                **HENDERSON HUMPHREY LLP**

By:   _____
                    J. Scott Humphrey
                    Attorneys for Plaintiffs
                    Thomas L. Kelley & Associates, Inc. and
                    Vincent Ortega

DATED: January __, 2009                **MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP**

By:   _____
                    Matthew C. Kane
                    Sara E. Willey
                    Sylvia J. Kiim
                    Attorneys for Defendant
                    BSN Medical, Inc.

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN.

IT IS SO ORDERED.

Dated:  January 26, 2009        By:   _____
                    Hon. Alicia G. Rosenberg
                    United States Magistrate Judge

**EXHIBIT A**

I, _____, declare as follows:

1.     I have received a copy of the STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION ("Order") entered in the case of <u>Thomas L. Kelley & Associates, Inc., *et. al.* v. BSN Medical, Inc.,</u> U.S. District Court, Central District of California (the "Court"), Case No. CV08-4419 GW (AGRx).  I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for the purposes expressly set forth in the Order, any CONFIDENTIAL material, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me.

2.     I will return all CONFIDENTIAL material that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material, or I will certify destruction thereof.

3.     I hereby submit to the jurisdiction of the Court for the purpose of the enforcement of the Order in this action.

I declare that the statements made by me above are true.  I understand that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: _____          By: _____
                                                      (Signature)

6701028.2